# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DARCIE BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Joan B. Gottschall |
| ) | |
| CITY OF NORTH CHICAGO, et al. ) | Case No. 11 C 8935 |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Darcie Brown sued the City of North Chicago ("the City"), its mayor, the members of the North Chicago City Council, the members of the North Chicago Board of Police and Fire Commissioners, and Police Chief Michael Newsome (collectively "Defendants") for employment discrimination in violation of Title VII, 42 U.S.C. § 2000(e) *et seq.*, and 42 U.S.C. § 1983. Now before the court is Defendants' motion to dismiss the complaint. For the reasons explained below, the court dismisses Brown's Title VII claim without prejudice for failure to exhaust administrative remedies. The court dismisses Brown's § 1983 claims against the individual defendants in their official capacities as redundant. Finally, Brown's § 1983 claims against the City are dismissed without prejudice because she has not adequately pleaded an unlawful municipal policy.

### I. BACKGROUND

Brown is employed by the City as a police sergeant. She filed a "Complaint of Employment Discrimination" in this court on December 16, 2011. (Compl., ECF No. 1.) Brown states in her complaint that Defendants discriminated against her based on sex,

"race, color, or national origin," "failed to stop harassment; retaliated against [her] because [she] did something to assert rights protected by [anti-discrimination] laws," "knowingly created a hostile work environment for [her] and by design discriminated against her based on her gender," and denied her an opportunity to take an exam required for a sergeant to be considered for a promotion to lieutenant. (Compl. at ¶¶ 15, 16.)

The allegation concerning the lieutenant's exam is the only specific factual allegation in Brown's complaint, but she alleges numerous additional facts in her response to Defendants' Motion to Dismiss. The general rule in the Seventh Circuit is that a district court must consider additional facts set forth in a brief opposing a Rule 12(b)(6) motion so long as those facts are consistent with the complaint. *See Flying J, Inc. v. City of New Haven*, 549 F.3d 538, 542 n.1 (7th Cir. 2008) (considering facts on appeal that were not presented in the complaint). The court will therefore consider the additional facts alleged in Brown's response.

In her response, Brown further states that she was appointed "temporary sergeant" by the Police and Fire Commission in January 2009. (Pl.'s Resp. to Mot. to Dismiss 1, ECF No. 12.) She argues that "under Illinois law," such temporary appointments must not exceed 60 days, but that she held the temporary sergeant position until November 2009, when she was finally sworn in as a full-time sergeant. No person but Brown had previously held or currently holds the temporary sergeant position. In February 2010, Brown was told that she was not eligible to take the promotional exam to become a lieutenant because she had not been a full-time sergeant for a year—a requirement for the promotion. Brown argues that she had been performing a sergeant's duties for more than a year and that Defendants were "biased . . . toward the male Sergeants." (*Id.*) Brown

also states in her response that she was repeatedly suspended "without due process," and was "the only one who has been treated in such a fashion, as compared to her male counterparts." (*Id.* at 3.) She also claims that her life was threatened by a subordinate officer and that the City did not take it as seriously as when the Police Chief's life was threatened; that she was forced "to take FMLA at no pay" when she had emergency surgery, although a male officer who was similarly "out for four weeks . . . was not forced to take FMLA;" that the City's Human Resources department would not allow her to receive donated leave time for an illness from fellow officers, although a male sergeant received donated hours; and that she was required to see the City's doctor to be cleared for light duty after her illness, when a male officer was released to light duty without having to see the City's doctor. (*Id.* at 3-4.)

Brown filed a number of charges with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). Although she did not file copies of her charges and right-to-sue letters with her complaint, she did attach copies of two right-to-sue letters to her response, along with an "order of closure" for an additional charge filed with the IDHR and then withdrawn. She admits in her response that she filed yet another charge with the IDHR that "is still open," but states that the pending charge "centers on sexual orientation which is not a federally protected class." (*Id*. at 7.) Defendants attached to their reply brief a copy of Brown's most recent administrative charge, filed with the IDHR on December 12, 2011. The charge states that it was cross-filed with the EEOC. It alleges that the City discriminated against Brown based on her sex and sexual orientation. A number of the allegations in the charge are the same as those Brown asserts in the present action, including that the

City denied her request to take the lieutenant's exam, forced her to take FMLA leave when she had emergency surgery, refused to allow other officers to donate leave time to her, and forced her to see the City's doctor in order to be released to light duty.

## II. LEGAL STANDARDS

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of the motion to dismiss, the court takes all facts alleged in the plaintiff's complaint as true and draws all reasonable inferences from those facts in favor of plaintiff, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

## III. ANALYSIS

### A. Brown's Title VII Claims

Before bringing a claim under Title VII, a plaintiff "is required to exhaust her administrative remedies by filing a complaint with the appropriate federal or state agency." *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004). In order to bring a civil action alleging a violation of Title VII, Brown must exhaust her administrative remedies with the EEOC. *See* 42 U.S.C. § 2000e–5(e); *Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006). Defendants argue that one of Brown's

administrative charges is still pending and that her suit must therefore be dismissed because she has failed to exhaust her administrative remedies.

In addition to the allegations contained in the complaint, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [her] claim." *188 LLC v. Trinity Indus. Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). A court "may also take judicial notice of matters of public record." *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *McGee v. United Parcel Serv., Inc.*, No. 01 C 9099, 2002 WL 449061, at *2 (N.D. Ill. Mar. 22, 2002) ("[T]he court may take judicial notice of . . . records of administrative bodies such as the IDHR."). The court therefore considers the IDHR and EEOC charges submitted by the parties to determine whether Brown has exhausted her administrative remedies.

The court concludes that Brown's Title VII claims are premature, because they rely on the same alleged facts as the December 12, 2011, charge of sex and sexual-orientation discrimination currently pending before the IDHR and cross-filed with the EEOC. Absent a right-to-sue letter from the EEOC, which Brown has not yet received, this court may not yet hear a cause of action based on the charge. *See Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005) (stating that the EEOC must issue a right-to-sue letter before a plaintiff may bring a Title VII action). Brown's Title VII claims are therefore dismissed without prejudice.[1]

---

[1] Should Brown file an amended complaint, the court counsels her that some of the named Defendants are not employers as defined by Title VII, and that there is no individual liability under Title VII. The proper defendant for a Title VII claim is the plaintiff's employer. *Williams v. Banning*, 72 F.3d 552, 554 (7th Cir. 1995). Brown should also attach to the complaint the necessary documentation to demonstrate that she has exhausted her administrative remedies.

**B. Brown's § 1983 Claims**

   1. § 1983 Claims against Individual Defendants

Brown has sued the City of North Chicago, along with twelve individual defendants: Mayor Leon Rockingham; Aldermen Ernest Fisher, Bonny Mayfield, Valerie DeVost, Bobby Allen, Torrance Abrams, Bob Runnels, Sr., and Charles January; Police and Fire Commission members Velma Dicker, Peter Balmes, and Norma Harris; and Police Chief Michael Newsome. Her complaint does not specify whether she is suing the individual defendants in their official or personal capacities. In her response, however, she explains that the alleged unlawful actions were taken while Defendants were acting in their official capacities. (*See* Resp. at 7-8.) Brown does not allege that any unconstitutional actions were committed by any of these individuals while acting in their personal capacities. *See Kuhn v. Goodlow*, 678 F.3d 552, 555-56 (7th Cir. 2012) (stating that individual § 1983 liability is premised on the wrongdoer's personal participation in an alleged constitutional deprivation). When a complaint does not make clear whether claims are brought against the defendants in their individual capacities, the court generally construes the complaint to allege a cause of action only against the defendants in their official capacities. *Guzman v. Sheahan*, 495 F.3d 852, 860 (7th Cir. 2007).

A suit against an individual in his or her official capacity is "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Guzman*, 495 F.3d at 859. Brown's suit against the individual defendants is redundant, because the true defendant is the City. Where a plaintiff brings suit against a governmental entity, any claims against employees of that

entity brought against them in their official capacities are subject to dismissal. *See Graham*, 473 U.S. at 165; *Schmidling v. City of Chi.*, 1 F.3d 494, 495 n. 1 (7th Cir. 1993) (upholding dismissal of the Mayor of Chicago in his official capacity as redundant where the complaint sought redress against the City itself). As the City is also a party to Brown's suit, the court dismisses her claims against the individual defendants.

2. The *Monell* Claim

Section 1983 imposes liability on state and municipal governments for their own unconstitutional policies. *See Monell v. N.Y.C. Dep't of Social Servs.*, 436 U.S. 658 (1978). The "official policy" requirement for liability under § 1983 serves to "distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). To prevail on a *Monell* claim, Brown must show either that adverse actions against her were taken by someone with final policymaking authority, or that "the City maintained a policy or custom of discrimination." *Palka v. City of Chi.*, 662 F.3d 428, 432 (7th Cir. 2011).

Brown makes no mention in her complaint of any unlawful policy or actions taken by someone with policymaking authority. She states in her response, however, that the City Council executes "policy or custom." (Resp. at 6.) Elsewhere in the response, she states that Defendants committed "specific instances of discrimination," such as "the arbitrary and capricious decision to appoint to the position of Temporary Sergeant a female." (Resp. at 8.) She states that she was the only sergeant that was unable to take the lieutenant's exam, and that "it just so happens that [she] is a female." (Resp. at 2.)

7

Brown does not allege facts that suggest that the decision to appoint her a temporary sergeant was made by a person with policy-making authority and that it was made for discriminatory reasons (rather than because—as Defendants argue—one of the current sergeants was on medical leave). Indeed, her allegation that the appointment decision was "arbitrary and capricious" would seem to undermine an argument that it was made for discriminatory reasons.[2]

Nor does Brown allege facts that suggest that Defendants had a widespread custom or policy of discriminating against female officers by preventing them from obtaining promotions or otherwise mistreating them. *See, e.g.*, *Latuszkin v. City of Chi.*, 250 F.3d 502, 505 (7th Cir. 2001) ("The complaint does not allege any facts tending to show that City policymakers were aware of the behavior of the officers, or that the activity was so persistent and widespread that City policymakers should have known about the behavior."). Brown alleges that Defendants mistreated *her*, by—for example—appointing her to a temporary position that made her ineligible to take the lieutenant's exam, disciplining and suspending her for various reasons, and forcing her to take FMLA leave. But she makes no mention of other female officers who experienced similar treatment. To the contrary, attached to Brown's response is a list of candidates eligible to take the lieutenant's exam, several of whom appear to be female. (Resp. Ex. A.) The court concludes that Brown has not pleaded facts to support a conclusion that a constitutional deprivation occurred as a result of a custom of the City so widespread or

---

[2] To the extent that Brown alleges in her response that the City committed violations of due process in disciplining her, and that the decision to appoint her to the position of temporary sergeant was "arbitrary and capricious" and in violation of Illinois law, Brown appears to be alleging that Defendants committed due-process violations. This is a different theory than that set forth in her complaint, which alleged only employment discrimination. (Resp. at 8-9.) If Brown believes she can bring a due-process claim, she will have to set out in an amended complaint specific facts supporting such a claim.

8

pervasive as to constitute a policy with the force of law.  *See Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009) (citing *Monell*, 436 U.S. at 690).

Brown has failed to "give enough details about the [City's illegal policy] to present a story that holds together." *See Swanson*, 614 F.3d at 404.  She has not laid out her grievance in a manner sufficient to inform the court or Defendants what unlawful policy she is challenging.  The court therefore dismisses Brown's *Monell* claim against the City without prejudice.  Having dismissed the complaint in its entirety, the court will not at this time address Defendants' argument that some of Brown's § 1983 claims are untimely.

## IV. CONCLUSION

Defendants' motion to dismiss Brown's complaint is granted.  Brown's Title VII claims are dismissed without prejudice for failure to exhaust administrative remedies.  Brown's § 1983 claims against the individual defendants in their official capacities are dismissed.  Brown's § 1983 claims against the City are dismissed without prejudice.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED:   July 10, 2012